MARIA OGDEN, Administratrix, &c., *vs.* JAMES WALLER.

As a general rule, a party must first establish his claim against a surety on a bond, before he can have relief in equity, which may aid him when a proper case is made out, to enforce his judgment.

A threat to make a final settlement will have no greater influence upon proceedings at law than the settlement itself could have. *Held,* that a settlement made while proceedings were pending against the administratrix, could not defeat a recovery.

Such settlement might create a necessity for a new administration, but nothing more.

A recovery when had would still bind the estate of the deceased, not administered at the time when the suit was commenced.

IN error from the southern district chancery court, at Natchez; Hon. James M. Smiley, vice-chancellor.

The facts are contained in the opinion of the court.

*H. F. Simrall,* for plaintiff in error,

Cited and commented on 12 S. & M. 695; Story's Eq. Pl. 26; Ib. 295; *Crockett* v. *Lee,* 7 Wheat. 522; *Jackson* v. *Ashton,* 11 Peters, 229; *James* v. *McKernon,* 6 Johns. 564; 10 S. & M. 163; 6 Humph. 213; 4 S. & M. 549; Freeman's Ch. R. 292; Story's Eq. Pl. 667; 1 Paige, 449; 1 Bibb, 203; 6 S. & M. 502; 1 Harrison, 83; 3 Atkins, 406; 1 Porter, 70; *Simpson* v. *Cobb,* 2 Bailey, S. C. R. 69; 5 How. R. 651, &c.; Ib. 68.

*Gildart & Barber*, for defendant in error,

Cited and commented on Mitf. Ch. Pl. 26, and note; 2 Story's Eq. Pl. 686; *Riddle* v. *Mandeville*, 5 Cranch, 322–328; 2 Cond. U. S. R. 268; 13 S. & M. 140; 10 Ib. 313.

Mr. Justice FISHER delivered the opinion of the court.

In the year 1828, Stephen Johnson was appointed by the probate court of Wilkinson county, guardian of the person and estate of the defendant in error, and gave John Ogden and Joseph A. Foster as securities on his guardian bond. It is alleged that the guardian, several years since, removed to the state of Louisiana, where he still resides, and is now insolvent; that Foster died many years since, and that his estate has been removed to Louisiana; that John Ogden, whose estate is sought to be made liable, died about the year 1836; that administration was granted to his widow, who had administered the same, and made a final settlement thereof, in the year 1842; that errors being discovered in her accounts, administration *de bonis non* was granted to her, in the year 1842, by the probate court of Wilkinson county; that she threatens to make a final settlement of the estate, consisting of part of the assets which she received under the first administration, and of the proceeds of a tract of land which she has sold under an order of the probate court as administratrix *de bonis non.*

It is alleged that a settlement of the guardianship was had in 1848, by the probate court of Wilkinson county; that the guardian prosecuted an appeal therefrom to this court; and that the judgment was reversed and cause remanded for further proceedings. That further proceedings were had in said court in 1850, and a decree rendered against the guardian for $511.60, for which sum and interest, the chancellor rendered a decree.

The complainant avers that he arrived at the age of twenty-one years, in the year 1842; that said Johnson was then, and has been since, a non-resident of the State.

The heirs and administratrix *de bonis non* of Ogden's estate are made parties to the bill, which prays that the amount due from the guardian to the ward, be paid by the administratrix out of the money not distributed to the heirs, &c.

The non-residence and insolvency of Johnson, and the threat of the administratrix to make a final settlement, are the grounds for coming into a court of equity for relief.

The complainant was of full age as early as the year 1842, since which time there has been administration on the estate now sought to be made liable. His remedy during this period was open to him in the courts of law. No sufficient reason appears for his failure to prosecute his remedy in this manner. As a general rule, in a case like the present, a party must first establish his claim against a surety, before he can have relief in equity; equity may aid him when a proper case is made out, to enforce his judgment. The non-residence or insolvency of Johnson, can in no manner affect his remedy at law against the sureties. The threat to make a final settlement, could have no greater influence upon proceedings at law, than the settlement itself could have. A settlement made while proceedings were pending against the administratrix, could not defeat a recovery; it might create a necessity for a new administration, but nothing more. A recovery when had would still bind the estate of the deceased not administered at the time the suit was commenced.

The decree reversed, and bill dismissed.